OPINION
{¶ 1} Plaintiff-appellant Scott D. Gerber ("Gerber") brings this appeal from the judgment of the Court of Common Pleas of Hardin County dismissing his complaint for lack of personal jurisdiction over the defendants-appellees, Blish Cavanagh. LLP ("Blish") and Stephen Reid, Jr. ("Reid").
 {¶ 2} Blish and Reid are respectively a law firm in Rhode Island and a lawyer for Blish in Rhode Island. From May 12, 2003, until October 2, 2003, Blish and Reid represented Gerber in a discrimination claim against a Rhode Island law school. The activities which were the basis of the claim all occurred in Rhode Island and the lawsuit was filed in the United States District Court for the District of Rhode Island. During the representation, Blish mailed the representation contract to Gerber in Ohio for his signature. At various other times, they contacted him by telephone, email or letter in Ohio. On October 2, 2003, Gerber terminated the services of Blish and Reid because he felt the fees were too high. Gerber then hired substitute counsel to resolve the issue.
 {¶ 3} On October 7, 2005, Gerber filed a complaint against Blish and Reid claiming the following causes of action: breach of contract, conversion, replevin, fraud, misrepresentation, defamation, intentional or reckless infliction of emotional distress, negligent infliction of emotional distress, and malpractice. All of these claims were based upon the representation in the Rhode Island case and Blish's subsequent attempts to collect fees it claimed to be owed by Gerber. On November 3, 2005, Blish and Reid filed a limited entry of appearance to contest jurisdiction. Blish and Reid also filed a motion to dismiss the complaint pursuant to Civ.R. 12(b)(2) for lack of personal jurisdiction. No request for a hearing on the motion was made by either party. On December 14, 2005, the trial court granted Blish and Reid's motion to dismiss for lack of personal jurisdiction. Gerber appeals from this judgment and raises the following assignments of error.
The trial court erred by ruling on [Gerber's] verifiedcomplaint rather than on plaintiff's verified amended andsupplemental complaint.
 The trial court erred in not entering default judgment for[Gerber].
 The trial court did not conduct an evidentiary hearing andthereby erred in failing to employ the proper standard of review;namely that [Gerber] was required only to make a prima facieshowing of personal jurisdiction over [Blish and Reid].
 The trial court erred in failing to exercise personaljurisdiction over [Blish and Reid] pursuant to [R.C. 2307.382(A)and Civ.R. 4.3(A) and 18(A)].
 The trial court erred by not recognizing that Article I,Section 16 of the Ohio Constitution required the trial court toexercise jurisdiction over [Gerber's] civil action.
 {¶ 4} In Gerber's first and fourth assignments of error, he claims that the trial court erred in not exercising personal jurisdiction. Gerber alleges that his amended complaint sets forth a proper basis for the trial court's exercise of personal jurisdiction. No additional foundation for establishing personal jurisdiction was set forth in the amended complaint. The additions involved new allegations of additional wrongs perpetrated by Blish in Rhode Island after the original complaint was filed. The basis for exercise of Ohio's long-arm statute, which permits personal jurisdiction over an out of state defendant, is set forth in Civ.R. 4.3 as follows.
Service of process may be made outside of this state, asprovided in this rule, in any action in this state, upon a personwho, at the time of service of process, is a nonresident of thisstate * * *. "Person" includes an individual * * * or any otherlegal or commercial entity, who, acting directly or by an agent,has caused an event to occur out of which the claim that is thesubject of the complaint arose, from the person's:
 (1) Transacting any business in this state;
 (2) Contracting to supply services or goods in this state;
 (3) Causing tortuous injury by an act or omission in thisstate * * *;
 (4) Causing tortuous injury in this state by an act oromission outside this state if the person regularly does orsolicits business, engages in any other persistent course ofconduct, or derives substantial revenue from goods used orconsumed or services rendered in this state;
* * *
(9) Causing tortuous injury in this state to any person by anact outside this state committed with the purpose of injuringpersons, when the person to be served might reasonably haveexpected that some person would be injured by the act in thisstate[.]
Civ.R. 4.3(A). A review of both the original complaint and the amended complaint indicates that the basis for the complaints is the legal representation of Gerber by Blish and Reid in Rhode Island, and the subsequent attempts to collect payment for alleged services. No allegation was made that Blish and Reid regularly transact business in Ohio, that they provided services in Ohio, or that they had any connection with Ohio other than their contact with Gerber, who initially contacted them in Rhode Island to handle a matter in Rhode Island. The mere fact that they contact a resident of Ohio in Ohio does not in and of itself provide the substantial contacts with the State of Ohio necessary to establish personal jurisdiction over a defendant. Instead, it merely reflects that Blish and Reid were contacting a client/former client from Rhode Island in a location convenient to the client. Thus, the provisions of Civ.R. 4.3(A) and the Ohio long-arm statute were not met. For this reason, the trial court lacked personal jurisdiction over Blish and Reid and properly dismissed the complaint. The first and fourth assignments of error are overruled.
 {¶ 5} In the second assignment of error, Gerber claims that the trial court erred in not entering default judgment in his favor.
When a party against whom a judgment for affirmative relief issought has failed to plead or otherwise defend as provided bythese rules, the party entitled to a judgment by default shallapply in writing or orally to the court therefore * * *. If theparty against whom judgment by default is sought has appeared inthe action, he * * * shall be served with written notice of theapplication for judgment at least seven days prior to the hearingon such application.
Civ.R. 55(A). Here, no application for default judgment was made by Gerber. Additionally, since Blish and Reid had made a limited appearance, they would be entitled to written notice seven days prior to a hearing. This was not done. Thus, the trial court did not err in not granting a default judgment to Gerber when no motion was made and no notice was given. The second assignment of error is overruled.
 {¶ 6} The third assignment of error claims that the trial court erred in not holding an evidentiary hearing on the motion to dismiss. The defense of lack of personal jurisdiction may be made by motion prior to a responsive pleading at the option of the pleader. Civ.R. 12(B). This motion shall be heard and determined prior to trial upon application of any party. Civ.R. 12(D). On Nov. 15, 2005, the trial court entered a notice of assignment at the motion to dismiss had been set for hearing on December 1, 2005, at 1:15 p.m. Pursuant to Local Rule 6, the oral hearing would not be held absent a written request for the hearing by one of the parties. Gerber did not file a written request for an oral hearing, which left the matter to be resolved on the pleadings. The failure to comply with the local rules after being given notice of the necessity of doing so precludes Gerber's claim that he was denied the opportunity for an evidentiary hearing. He was given a chance to have one, but chose not to avail himself of the opportunity. The third assignment of error is overruled.
 {¶ 7} Gerber's final assignment of error is that the trial court was required to exercise personal jurisdiction over Blish and Reid by Article I, Section 16 of the Ohio Constitution.
All courts shall be open, and every person, for an injury donehim in his land, goods, person, or reputation, shall have remedyby due course of law, and shall have justice administered withoutdenial or delay.
Ohio Constitution, Article I, Section 16. The constitution provides access to the courts, however it does not provide unlimited access. This access is still limited by the jurisdictional requirements and geographical boundaries of the State of Ohio. The Constitution of Ohio does not control the actions of residents of the State of Rhode Island. The fact that an Ohio court does not have personal jurisdiction over Blish and Reid does not deprive Gerber of a legal remedy. Gerber can file his claims in either Rhode Island, where the alleged causes of action arose, or in federal court under a claim of diversity. However, the Ohio Constitution does not mandate the court to claim jurisdiction over a nonresident in a situation where the statute and rules do not provide for personal jurisdiction. The fifth assignment of error is overruled.
 {¶ 8} The judgment of the Court of Common Pleas of Hardin County is affirmed.
Judgment affirmed.
 Rogers and Shaw, JJ., concur.